# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

ROBERT SHANE TAYLOR,
    Plaintiff

                            Case No. 1:05-cv-155

vs                               Weber, J.
                                    Black, M.J.

DOCTOR MCWEENEY, et al.,
    Defendants                     **ORDER**

This matter is before the Court on plaintiff's motion to compel discovery and supplemental memorandum in support thereof (Docs. 20, 21), defendants' memorandum in opposition (Doc. 22), and plaintiff's motion for information on defendants' counsel. (Doc. 26).

Plaintiff's motion to compel discovery is denied for plaintiff's failure to show compliance with the Federal Rules of Civil Procedure and the Local Rules of this Court. Pursuant to Fed. R. Civ. P. 37, motions to compel discovery must include a certification that extrajudicial attempts have been made to secure responses to discovery requests. Rule 37(a)(2)(B) provides, in relevant part:

> If . . . a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action.

Fed. R. Civ. P. 37(a)(2)(B). Similarly, S.D. Ohio Civ. R. 37.1 provides that motions relating to discovery "shall not be filed in this Court, under any provision in Rules 26 and 37, FRCP, unless counsel have first exhausted among themselves all extrajudicial means for resolving the differences."

There is no indication from plaintiff's motion that he first served requests for discovery on defendants through counsel pursuant to Fed. R. Civ. P. 34, that defendants refused to comply with such requests, or that the parties attempted to resolve any dispute prior to the filing of the motion.  Before plaintiff may file any motions in court seeking to compel discovery, he must contact counsel for defendants in an attempt to resolve the disputed discovery items.  Plaintiff must make at least one good faith attempt to resolve discovery disputes with defendants' counsel (such as writing a letter to defendants' counsel) after he fails to receive an initial response to his discovery requests.  Plaintiff must also submit an affidavit setting forth "the extrajudicial means which have been attempted to resolve differences," S.D. Ohio Civ. R. 37.2, along with any motion to compel discovery.  Because plaintiff failed to do so in this case, his motion to compel discovery (Doc. 20) is **DENIED**.

Plaintiff's motion for information on defendants' counsel (Doc. 26) is **GRANTED**.  The Clerk of Court is **DIRECTED** to send to plaintiff a copy of the docket sheet in this case which lists counsel's name and address.

**IT IS SO ORDERED.**

Date: 6/30/2005                  s/Timothy S. Black
                                                  Timothy S. Black
                                                  United States Magistrate Judge