UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ROBERT SHANE TAYLOR, | : | Case No. 1:05-cv-155 |
| Plaintiff, | : | Dlott, J. |
| | : | Black, M.J. |
| vs. | : | |
| DOCTOR MCWEENEY, *et al.*, | : | |
| Defendants. | : | |

### REPORT AND RECOMMENDATION[1] THAT: (1) DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Doc. 32) BE GRANTED; AND (2) THIS CASE BE CLOSED

Plaintiff, an inmate at the Southern Ohio Correctional Facility ("SOCF"), brings this prisoner civil rights action under 42 U.S.C. § 1983. Defendants include Dr. McWeeney, Chief Medical Director; Dr. Jenkins, SOCF Medical Director; Mona Park, Health Care Administrator; and Stephen Dillon, Deputy Warden of Special Services. Plaintiff alleges that defendants were deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights. He seeks injunctive and monetary relief for alleged inadequate medical care and denial of specialized diagnostic testing. This matter is before the Court on defendants' motion for summary judgment. (Doc. 32).

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

### I.  STANDARD OF REVIEW

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law.  Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action.  *Celotex*, 477 U.S. at 323.  All facts and inferences must be construed in a light most favorable to the party opposing the motion.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

A party may move for summary judgment on the basis that the opposing party will not be able to produce sufficient evidence at trial to withstand a motion for judgment as a matter of law.  In response to a summary judgment motion properly supported by evidence, the nonmoving party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *Harris v. Adams*, 873 F.2d 929, 931 (6th Cir. 1989); *Sixty Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987).

The Court is not duty bound to search the entire record in an effort to establish a lack of genuinely disputed material facts.  *Guarino v. Brookfield Township Trs.*, 980 F.2d 399, 404 (6th Cir. 1992); *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989), *cert. denied sub. nom. Superior Roll Forming Co. v. Interroyal Corp*, 494 U.S.

1091 (1990). Rather, the burden is on the nonmoving party "to present affirmative evidence to defeat a properly supported motion for summary judgment," *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989), and to designate specific facts in dispute. *Anderson*, 477 U.S. at 250; *Guarino*, 980 F.2d at 404-05.

## II. DISCUSSION

Defendants are entitled to summary judgment because plaintiff presented no evidence by affidavit or otherwise to establish a violation of his rights under the Eighth Amendment.

The right to adequate medical care is guaranteed to federal prisoners by the Cruel and Unusual Punishment Clause of the Eighth Amendment, and is made applicable to state prisoners by the Due Process Clause of the Fourteenth Amendment. *Johnson v. Karnes*, 398 F.3d 868, 873 (6th Cir. 2005) (citing *Estelle v. Gamble*, 429 U.S. 97, 101-02, 104-05 (1976)); *see also DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 198 (1989); *Weaver v. Shadoan*, 340 F.3d 398, 410 (6th Cir. 2003). A prisoner's right to adequate medical care "is violated when prison doctors or officials are deliberately indifferent to the prisoner's serious medical needs." *Johnson*, 398 F.3d at 874 (quoting *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001), *cert. denied*, 537 U.S. 817 (2002)).

The right to adequate medical care, however, does not encompass the right to be diagnosed correctly. *Johnson*, 873 F.3d at 874. That is, the Constitution does not prohibit medical malpractice. *Estelle*, 429 U.S. at 104. A difference in opinion between a

3

prisoner and the medical staff about treatment does not state a cause of action. *Id*. at 107. Federal courts are reluctant to second guess medical judgments where a prisoner has received some medical attention and the dispute concerns the adequacy of that treatment. *See Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Nonetheless, prison officials who have been alerted to a prisoner's serious medical needs are under an obligation to offer medical care to such a prisoner. *See Danese v. Asman*, 875 F.2d 1239, 1244 (6th Cir. 1989), *cert. denied*, 494 U.S. 1027 (1990).

A claim for the deprivation of adequate medical care has two components, one objective and one subjective. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is "sufficiently serious." *Id.* To satisfy the subjective component, the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk. *Id.* A prison official may be held liable for denying an inmate humane conditions of confinement only if he knows that an inmate faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. Prison officials must exhibit more than lack of due care for a prisoner's health or safety before an Eighth Amendment violation will be found. *Id.* at 835. *See also Whitley*, 475 U.S. at 319. Moreover, liability will not be found where a prison official actually knew of a substantial risk of harm to an inmate if he responded reasonably to the risk, even if the harm ultimately was not averted. *Farmer*,

4

511 U.S. at 844. Under these standards, plaintiff fails to establish his Eighth Amendment claim.

In support of his claim that he was denied adequate medical care, plaintiff alleges that he has been suffering from illness since he arrived at SOCF on May 28, 2004, including discharge out of his penis, abdominal pain, constipation and heartburn. (*See* Doc. 2 at 5.) He alleges that the failure to meet his medical needs has resulted in worsening symptoms, including blood in his urine and stool, "chunks" out of his penis, throwing up bile, a bad feces smell, chest pain, heartburn, and dizziness. (*Id.* at 6.) He believes that further testing, such as placing a camera down his throat, treatment outside SOCF, an immediate "clossimy surgery," and a special diet are warranted. (*Id.* at 6, 8; Doc. 12.)

In support of their motion for summary judgment, defendants present the following undisputed facts.

Plaintiff has been incarcerated with the Ohio Department of Rehabilitation and Correction since February 10, 2004. (Doc. 32 at 2.) The intake procedure at that time included taking a health history. (*Id.* at Ex. A.) A physical examination on February 11, 2004 showed no abnormal findings and no major health problems. (*Id.*) The health history showed that the only current health problem was hemorrhoids. (*Id.*)

Health screenings were performed on May 27 and 28, 2004, in anticipation of and immediately following his transfer to SOCF. The screening form shows diagnoses for

constipation and hemorrhoids.  (*Id.* at Ex. B.)  Plaintiff was otherwise described as "healthy."  (*Id.*)

Following his transfer to SOCF, and through December 20, 2005, plaintiff was treated by members of the nursing staff 31 times, he was treated by physicians 16 times, and he had seen the diet technician 6 times.  (*Id.* at Ex. C, ¶ 6(a).)  Testing outside of SOCF was also provided on at least seven occasions, including the following: a CT of abdomen and pelvis on July 22, 2004; and intravenous pylegram ("IVP") on October 27, 2004; a flexible cystoscopy on November 23, 2004; a colonoscopy on November 29, 2004; a repeat CT of abdomen and pelvis on June 6, 2005; and a barium swallow on September 23, 2005.  (*Id.* at ¶ 6(b).)  Additionally, an esophagogastroduodenoscopy ("EGD") was scheduled for December 19, 2005.  (*Id.*)  Plaintiff had seen specialists in urology and gastroenterology three times each.  (*Id.* at ¶ 6(c).)  Lab work had been performed on ten occasions between June 4, 2004 and June 23, 2005.  (*Id.* at ¶ 6(d).)

Even if the Court were to conclude that plaintiff's allegations about his health were sufficient to satisfy the objective requirement, plaintiff has failed to present sufficient evidence to satisfy the subjective requirement.  There is no evidence suggesting that defendants at any time deliberately ignored plaintiff's medical needs with the intent to inflict pain or prolong any suffering.  In fact, the records demonstrate that defendants provided treatment and diagnostic testing for plaintiff from the time he entered SOCF.  As previously stated, where, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to

second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake*, 537 F.2d at 860 n.5. In sum, plaintiff has failed to show that his claims rise to the level of a constitutional violation.

For the foregoing reasons, defendants' motion for summary judgment should be granted.

## IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion for summary judgment (Doc. 32) be **GRANTED**; and

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of the Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).


Date:  4/21/06                                              s/Timothy S. Black
                                                            Timothy S. Black
                                                            United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ROBERT SHANE TAYLOR, | : | Case No. 1:05-cv-155 |
| | : | |
| Plaintiff, | : | Dlott, J. |
| | : | Black, M.J. |
| vs. | : | |
| | : | |
| DOCTOR MCWEENEY, *et al.*, | : | |
| | : | |
| Defendants. | : | |

NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS
REPORT AND RECOMMENDATION

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **TEN (10) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **TEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).